**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joshua Bermudez, | No. CV-19-04633-PHX-DJH (JZB) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health Incorporated, et al., | |
| Defendants. | |

This matter is before the Court on its own review and the Rule 60 Motion for Relief From This Court's January 3, 2020 Order filed by Defendant Corizon Health, Inc. ("Corizon") on August 19, 2020 (Doc. 51). The Court will dismiss Plaintiff's Complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b) and deny as moot Corizon's Rule 60 Motion.

**I.   Background.**

On July 3, 2019, Plaintiff initiated this action by filing a civil rights complaint ("Complaint") in this Court. (Doc. 1). After finding the Complaint failed to state a cause of action (Doc. 7), the Court afforded Plaintiff 30 days to file an amended complaint, which he did (Doc. 9). On October 4, 2019, the Court screened Plaintiff's Amended Complaint, and ordered Defendants Corizon Health Inc. ("Corizon"), Centurion of Arizona, LLC ("Centurion"), and Joseph Profiri ("Profiri"), in his official capacity[1], to answer Count

---

[1] Joseph Profiri is the former acting Director of the Arizona Department of Corrections. On January 31, 2020, David Shinn ("Shinn"), the current Director of the Arizona Department of Corrections, was substituted in for Defendant Profiri in his official capacity only, and Defendant Profiri was dismissed from this action. (Doc. 33).

Two; Defendant Larry Russell ("Russell") to answer Count Three; and Defendant Mark Merry ("Merry") to answer Count Four. (Doc. 10). The Court further ordered Plaintiff to complete and return a service packet for Defendants Corizon, Centurion, Profiri, Russell, and Merry to the Clerk of Court within 21 days of the date of the Order. (*Id.*) The Court warned that "Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action." (*Id.* at 7). That same day, the Clerk mailed Plaintiff a service packet including the Complaint, the Court's Order, and both summons and request for waiver forms for Defendants Corizon, Centurion, Profiri, Russell, and Merry.

On October 9, 2019, the Court received the completed service packet from Plaintiff, and the Clerk forwarded the packet to the U.S. Marshal for service the following day. On November 5, 2019, the Court received Defendant Centurion's waiver of service (Doc. 12). The waivers for Defendants Corizon and Profiri were received on November 27, 2019 (Docs. 16 &17) and the waivers for Defendants Merry and Russell were received on December 16, 2019 (Doc. 20 & 21). All Defendants answered on December 19, 2019 (Docs. 23, 24, 25, 26). On January 3, 2020, the Court issued a scheduling order in this matter. (Doc. 20). On January 8, 2020, Plaintiff filed a Motion for Extension of Time to amend his pleading (Doc. 31). Therein, Plaintiff also provided what would be his "new address" upon release from custody. (*Id.*) The Court granted Plaintiff his requested extension of time to amend his pleading, but ordered Plaintiff to file and serve a notice of change of address in compliance with the Court's October 4, 2019 Screening Order and Local Rule of Civil Procedure 83.3(d) upon his release from custody. (Doc. 32 at 1-2).

On March 30, 2020, Defendants Centurion and Shinn filed a Motion for Summary Judgment seeking dismissal of Plaintiff's claims against them. (Doc. 36). On April 1, 2020, the Court issued a Warning Order to Plaintiff, ordering that "Plaintiff must file a response to Defendants' Motion for Summary Judgment, together with supporting affidavits or other appropriate exhibits and a separate Statement of Facts, by April 30,

2020." (Doc. 39 at 3). That same day, the Clerk emailed the Court's Warning Order to Plaintiff, but on April 2, 2020, that mailing was returned as undeliverable because Plaintiff had been released from custody. (Doc. 42).

On April 3, 2020, Defendant Corizon filed a Notice with the Court stating that Plaintiff "was released from prison on parole on March 13, 2020" and attached Plaintiff's AIMS Movement Sheet reflecting same. (Doc. 40, Ex. A). Defendant Corizon also notified the Court that despite the Court's prior directives, "Plaintiff has not filed a Change of Address with the Court despite his release three weeks ago." (*Id.* at 1). On August 14, 2020, the Court granted Defendants Centurion and Shinn's Motion for Summary Judgment and dismissed them from this action. (Doc. 49). On August 19, 2020, Defendant Corizon filed a Rule 60(b) Motion seeking relief from the Court's January 3, 2020 Scheduling Order which set the deadline for dispositive motions for August 17, 2020. (Doc. 51).

**II.   Discussion**

Plaintiff has the general duty to prosecute this case. *See Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Company*, the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute. 370 U.S. 626, 629-31 (1962). Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *See id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the

fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of Plaintiff's case. Plaintiff's failure to notify the Court of his change of address, as ordered by the Court, prevents the case from proceeding against the remaining Defendants to this action in the foreseeable future. The Court is unable to communicate with Plaintiff absent a valid address, and multiple filings/orders have been returned to the Court as undeliverable. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Plaintiff has violated several Court orders directing him to update his address in the event of a change (Docs. 10 at 4 & 32 at 1-2) as well as the Court's Order to respond to Defendant's Motion for Summary Judgment (Doc. 39).

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. Therefore, the Court will dismiss the remainder of this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Accordingly,

**IT IS ORDERED** that the reference to the Magistrate Judge is **withdrawn**.

**IT IS FURTHER ORDERED** that the remaining claims against Defendants Corizon, Russell, and Merry and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that Defendant Corizon's Rule 60(b) Motion (Doc. 51) is denied as moot.

…

…

1    **IT IS FURTHER ORDERED** directing the Clerk of Court to dismiss the
2    remainder of this action without prejudice and enter judgment accordingly.
3    Dated this 24th day of August, 2020.

_____
Honorable Diane J. Humetewa
United States District Judge